# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| LEON MATREZ HOLLOWELL,<br><br>      Plaintiff,<br><br>v.<br><br>HELVEY and ASSOCIATES, INC.,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:18-cv-10185<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LEON MATREZ HOLLOWELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct HELVEY & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 58 year old natural person who at all times relevant resided in Detroit, Michigan, which is located within the Eastern District of Michigan.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant represents itself as "a leader in providing business process outsourcing (BPO) solutions to our clients, with a focus on accounts receivable management and contact center services"[1] from its office at 1029 East Center Street, Warsaw, Indiana. Defendant is a third party debt collector that is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiff.

---

[1] http://www.hlv.com/index.html

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In the fall of 2016, Plaintiff began receiving calls to his cellular phone, (313) XXX-1504, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1504. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the phone number (855) 804-5716 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other number as well.

12. Upon information and belief, the above referenced phone number ending in 5716 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering phone calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon a consumer energy debt ("subject consumer debt").

15. Plaintiff informed Defendant that he was dealing directly with the original creditor and that he lacked sufficient funds to make payment.

16. Upon Defendant's refusal to understand the situation, Plaintiff demanded that Defendant stop contacting him.

17. Despite Plaintiff's demands, Defendant continued to call his cellular phone in an attempt to collect upon the subject consumer debt into the winter of 2017.

18. Plaintiff has received not less than 27 phone calls from Defendant since asking it to stop calling.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Defendant's phone calls have caused Plaintiff a great deal of stress and have exacerbated Plaintiff's high blood pressure and depression.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $62.00 to purchase and maintain an application on his cellular phone to help quell Defendant's calls. However, the communications have persisted.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury

resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1952.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[2] http://www.acainternational.org/search#memberdirectory

5

### a. Violations of FDCPA §1692c(a)(1) and §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 27 times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to him.

### b. Violations of FDCPA §1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of his situation and demanded that it stop contacting him, Defendant continued to ceaselessly contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed multiple calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA §1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 27 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 18 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LEON MATREZ HOLLOWELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41. Defendant violated the TCPA by placing at least 27 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting him.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully violated the TCPA. Armed with the knowledge that Plaintiff did

not consent to receive calls to his cellular phone, Defendant continued its incessant and relentless campaign of collection calls.

WHEREFORE, Plaintiff, LEON MATREZ HOLLOWELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

46. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

47. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value

arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

48. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

49. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

50. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

51. Defendant violated the MOC when it continued to call Plaintiff's cellular phone at least 27 times after he notified it to stop calling. The repeated and

continuous contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed.

52. Further, Plaintiff told Defendant that its calls to his cellular phone were not welcome and were therefore inconvenient. Nevertheless, Defendant continued to place a number of calls to Plaintiff's cellular phone. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

### c. Violations of M.C.L. § 339.915(q)

53. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

54. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff demanded that Defendant stop calling, yet the calls continued. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were not welcome and were inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

55. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still

bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, LEON MATREZ HOLLOWELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 16, 2018                                    Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com